IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ANTHONY EUGENE BROOKS,

          Petitioner,

v.                              CIVIL ACTION NO.   5:10-cv-01340

UNITED STATES OF AMERICA,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Plaintiff's Complaint seeking relief pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, *et seq.,* and *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Document 1.)   By Standing Order (Document 2) entered December 1, 2010, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

On May 29, 2013, the Magistrate Judge submitted his Proposed Findings and Recommendation ("PF&R") (Document 10), wherein he recommended that the Court dismiss Plaintiff's case without prejudice for failure to prosecute and remove this matter from the Court's docket.  On June 17, 2013, Plaintiff filed a *Motion Not to Dismiss* (Document 10), which the Court construes as his objections to the PF&R.  After thorough review and consideration, the Court finds, for the reasons stated herein, that Plaintiff's "objections" should be overruled and the Magistrate Judge's PF&R should be adopted except as otherwise stated.

## BACKGROUND

On November 30, 2010, Plaintiff, acting *pro se,* filed his Complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b) and 2671, *et seq.,* and *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). (Document 1.) In support, Plaintiff alleges that a correctional officer acted negligently and with "deliberate indifference" by "causing injury to [his] right big toe and fracturing [his] foot and [causing] ligament damage." (*Id.* at 4.) Plaintiff explains that "Officer J. White, an officer for the Bureau of Prisons, while 'horse playing' with an iron door severely injured [his] right foot by suddenly releasing the held door." (*Id.* at 4.)

On April 24, 2013, Magistrate Judge VanDervort entered an order requiring Plaintiff to either pay the $350 filing fee or file an updated Application to Proceed *in Forma Pauperis* by May 13, 2013. (Document 6.) He warned that failure to do so "will result in a recommendation of dismissal of this matter without prejudice." (*Id.* at 1-2.) Because Plaintiff had been released from custody since the filing of his Complaint, Judge VanDervort found that he was required to file an updated Application to Proceed *in Forma Pauperis*. (*Id.* at 1)[1] (citing *DeBlasio v. Gilmore,* 315 F.3d 396 (4th Cir.2003.)) He also noted that pursuant to Rule 83.5 of the Local Rules of Civil Procedure, "[a] *pro se* party *must* advise the clerk promptly of any changes in name, address, and telephone number. (*Id.*)[2]

---

1 According to the Bureau of Prisons' Inmate Locator, Plaintiff was released from custody on October 5, 2011.
2 On July 7, 2011, Plaintiff sent the Clerk a notice of change of address advising the Court of his new address. (Document 3.) Then on September 29, 2011, Plaintiff sent a letter to the Clerk requesting a copy of the docket sheet and providing his current address and a new address which he stated would be operative in twelve days. (Document 4.) However, when the Clerk sent a copy of the April 24, 2013 Order to Plaintiff at the addresses provided, it was returned as undeliverable three separate times. (Documents 7, 8, and 9.)

On May 29, 2013, Magistrate Judge VanDervort filed his PF&R (Document 10), wherein he recommended that Plaintiff's case be dismissed without prejudice for failure to prosecute. (*Id.* at 2-4.)[3] The Magistrate Judge explained that because Plaintiff had not responded to the Court's April 24, 2013 Order, which was entered more than a month before, he has failed to take any steps to prosecute his case. (*Id.* at 2.) The Magistrate noted that Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia indicate that the District Court may dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*. (*Id.*)[4] (citing *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629 (1962); (*see also McCargo v. Hedrick,* 545 F.2d 393, 396 (4th Cir.1976); *U.S. v. Moussaoui,* 483 F.3d 220, 236 (4th Cir.2007).

On June 17, 2013, Plaintiff filed his "Motion not to Dismiss" (Document 12), wherein he moves the Court "not to dismiss this action with prejudice because of the severe nature and merit in this action." (*Id.* at 1.) Plaintiff explains that upon release from a halfway house, he was homeless until June 11, 2013. (*Id.*) He also provides the Court with his new address. (*Id.*) Accordingly, on June 17, 2013, upon receipt of Plaintiff's updated change of address, the clerk,

---

3 On June 10, 2013, the PF&R was returned as undeliverable and mailed to another address. (Document 11)
4 The Court notes that although Rule 41(b) does not itself provide that a court may dismiss a case *sua sponte,* a district court has the inherent power to dismiss a case for lack of prosecution. *Link.,* 370 U.S. at 630-31 ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")

Rule 41.1 of the Local Rules of Civil Procedure provides in pertinent part:

> "[w]hen it appears in any pending civil action that . . . the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented party. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

3

again, mailed the PF&R. The Court notes that Plaintiff has not responded to the PF&R.

## *STANDARD OF REVIEW*

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R *de novo,* the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## *DISCUSSION*

### A. The Magistrate's PF&R

Upon a review of the record, Magistrate Judge VanDervort found that Plaintiff's case should be dismissed without prejudice for failure to prosecute. (PF&R at 2.) In making this finding, the Magistrate Judge correctly considered the applicable Fourth Circuit Court of Appeals case law. (*Id.* at 3.) In *Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir.1989), the Fourth Circuit found that a District Court should consider the following factors in determining whether a case

4

should be involuntarily dismissed for failure to prosecute:

i. the degree of personal responsibility of the plaintiff;

ii. the amount of prejudice caused the defendant;

iii. the existence of a history of deliberately proceeding in a dilatory fashion; and

iv. the existence of a sanction less drastic than dismissal.

(*Id.*)

With respect to the first factor, the Magistrate Judge found that Plaintiff has been the sole cause of the delays in this action. (PF&R at 3.) He noted that: (1) Defendant has not been required to make an appearance, (2) Plaintiff did not respond to the Court's April 24, 2013 Order and (3) it is Plaintiff's responsibility to advise the clerk promptly of any change in address. (*Id.*) Accordingly, the Magistrate Judge found that Plaintiff has a great degree of personal responsibility for the delays.

With respect to the second factor, the Magistrate Judge did not find that Defendant would be prejudiced by the dismissal of Plaintiff's Complaint. (*Id.* at 4.)[5] In consideration of the third factor, he found that there is no other evidence that Plaintiff has "a history of deliberately proceeding in a dilatory fashion." (*Id.*)

With respect to the fourth factor, Magistrate Judge VanDervort recognized that dismissal is a severe sanction. (*Id.*) However, he found that in this case, it is warranted because other sanctions would be ineffective or futile. (*Id.*) He noted that because Plaintiff did not pay the $350 filing fee as directed to in the Court's April 24, 2013 Order, sanctioning him with fines, costs, or damages would be pointless. (*Id.*) Moreover, he reasoned that explicit warnings of dismissal would be

---

5 The Court notes that the Magistrate Judge misinterpreted and misapplied this factor. (*See, infra.* at IV (A)).

5

ineffective because the Court had previously cautioned Plaintiff, to no avail. (*Id.*)[6] Therefore, Judge VanDervort found that dismissal is the only proper sanction. (*Id.*)

In consideration of all of the above factors and the circumstances of the instant case, the Magistrate Judge determined that Plaintiff's Complaint should be dismissed without prejudice unless he is able to demonstrate good cause for his failure to prosecute. (*Id.*) The Magistrate Judge noted that Plaintiff will have seventeen (17) days to file specific written objections to the PF&R and that extensions of time may be granted for good cause. (*Id.* at 4-5.)

### B. Plaintiff's "Objections"

On June 17, 2013, Plaintiff filed a "Motion not to Dismiss" (Document 12) in which he moved the Court "not to dismiss this action with prejudice because of the severe nature and merit in this action." (*Id.* at 1.) In support, Plaintiff asserts that "he still suffers from permanent damage to his big toe because of the negligence of Federal Corrections Officer J. White who purposely held and released a metal door that tore plaintiff's big [toe] apart injuring it very severely." Plaintiff argues that "it would be injustice to not prosecute for negligence and assault." (*Id.*)

Plaintiff also explains that when he was released from a halfway house it "would not keep account of [his] whereabouts no matter what address [he] left." (*Id.*)[7] Moreover, he contends that he was homeless until June 11, 2013. (*Id.*) However, he states that he has now secured housing and provides the Court with that new address. (*Id.* at 1-2.)

---

[6] The Court's April 24, 2013 Order warned that "[f]ailure of the Plaintiff to either pay the filing fee or file an updated Application to Proceed *in Forma Pauperis* by May 13, 2013, will result in a recommendation of dismissal of this matter without prejudice." (Document 6 at 1-2.)

[7] Plaintiff explains that he was released from a halfway house while this action was pending before the Court. (*Id.*)

6

## *ANALYSIS*

### *A. The Magistrate Judge's PF&R*

The Court finds that although the Magistrate Judge applied the correct test in determining whether a court should involuntarily dismiss a case for failure to prosecute, he misapplied the second factor of the test. The Magistrate Judge, citing to *Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir.1989), found that the court should consider "the amount of prejudice caused the defendant." (PF&R at 3.)   He interpreted this factor to mean "the amount of prejudice caused the defendant" *by the dismissal of Plaintiff's Complaint.* (*Id.* at 3-4.)[8]  However, earlier Fourth Circuit Court of Appeals cases explained that a court should consider "the amount of prejudice to the defendant *caused by the delay.*" *McCargo v. Hendrick*, 545 F.2d 393, 396 (4th Cir.1976) (emphasis added); *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978); *Reizakis v. Loy*, 490 F.2d 1132, 1135-36 (4th Cir. 1974). Later cases within this jurisdiction have followed this reading. *See e.g., Gantt v. Knight,* 894 F.Supp. 226, 229 (D.Md. 1995); *U.S. v. Merrill,* 258 F.R.D. 302, 308 (E.D.N.C. 2009); *Deakins v. Metliff Auto & Home Insurance Agency, Inc.,* Civil Action No. 1:08-1291, 2009 WL 1939180, at *1 (S.D.W.Va. 2009) (Faber, J.) Therefore, the Court finds that the correct analysis for the second factor focuses on the amount of prejudice to the defendant caused by plaintiff's delays / failure to prosecute. (*Id.*)

When this factor and the others are applied to the instant case, the balance tips in favor of dismissal. The first and fourth factors strongly favor dismissal because Plaintiff has been the sole cause of the delays in this action, and less severe sanctions would be ineffective. (*Id.*) Importantly, the Court notes that the Magistrate Judge explicitly warned Plaintiff that failure to pay the filing

---

[8] The Magistrate Judge wrote "the Court does not find that the named Defendant will be prejudiced by dismissal of Plaintiff's Complaint." (PF&R at 4.)

7

fee or update his Application to Proceed *in Forma Pauperis* by May 13, 2013, would result in a recommendation of dismissal of this matter without prejudice. (PF&R at 1-2) (quoting Document 6.) The second and third factors counsel against dismissal because the record does not specifically indicate that Defendant has been prejudiced by the delays in this case and there is no evidence that Plaintiff has a "drawn-out history of deliberately proceeding in a dilatory fashion." (*Id.*) However, in balancing all of the factors and considering the particular facts of this case, the Court finds that dismissal without prejudice is warranted.

### *B. Plaintiff's Objections*

In consideration of Plaintiff's *pro se* status and the "sound public policy of deciding cases on their merits[,]" the Court construes Plaintiff's "Motion Not to Dismiss" as his objections to the PF&R. *Choice Hotels Intern., Inc. v. Goodwin & Boone,* 11 F.3d 469, 473 (4th Cir1993) (*quoting Herbert v. Saffel,* 877 F.2d 267, 269 (4th Cir.1989); *Estelle* 429 U.S. at 106 (noting that *pro se* documents are to be liberally construed). Nevertheless, the Court finds that Plaintiff's objections should be overruled.

As stated above, this Court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas*, 474 U.S. at 150. Because Plaintiff's "Motion not to Dismiss" does not direct the Court to any specific error in, or any portion of, the Magistrate's PF&R, the Court finds that Plaintiff's objections should be overruled. *Orpiano*, 687 F.2d at 47.

Even if the Court were to construe Plaintiff's explanation of his housing situation as an objection to the PF&R, the Court finds that Plaintiff has failed to show good cause for his failure to prosecute his case. Plaintiff states that the halfway house "would not keep account of [his]

8

whereabouts no matter what address [he] left." (Document 12 at 1.) However, the halfway house has no legal obligation to "keep account of [his] whereabouts." (*Id.*) Pursuant to Rule 83.5 of the Local Rules of Civil Procedure, it is Plaintiff's responsibility to advise the court of any change of address. L.R. Civ.P. 83.5. Plaintiff also states that he was homeless. (*Id.*) He is presumably arguing that he could not receive documents from the Court because of his housing situation. Although the Court sympathizes with Plaintiff's situation, the Court finds that he has not shown good cause for his failure to prosecute. Here, the Court notes that Plaintiff did not respond to court documents even when he *did* have housing. Although the PF&R was mailed again and sent to the address provided in his "Motion Not to Dismiss," Plaintiff still did not file any response. Therefore, even if the Court were to find that Plaintiff's housing situation demonstrated good cause for not responding to the Court's April 24, 2013 Order, Plaintiff has not shown good cause for not responding to the PF&R. His failure to respond is yet another example of his failure to prosecute his case. Therefore, the Court finds that Plaintiff's objections should be overruled.

## *CONCLUSION*

Based upon the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 10) be **ADOPTED** except as otherwise indicated in the Court's earlier findings and that Plaintiff's objections to the PF&R (Document 12) be **OVERRULED.** The Court **ORDERS** that Plaintiff's Complaint (Document 1) be **DISMISSED WITHOUT PREJUDICE** and that this matter be **STRICKEN** from the docket. The Court further **ORDERS** that any pending motions be **TERMINATED AS MOOT.**

Finally, the Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

        ENTER:       July 30, 2013

*[Signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA